IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**TIMOTHY SNEED,**
**D.O.C. # M29612,**

    Plaintiff,

vs.                                                     Case No. 4:20cv385-AW-MAF

**MARK S. INCH, et al.,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this civil rights action by filing a complaint, ECF No. 1, and recently, an amended motion for in forma pauperis status, ECF No. 5, an amended complaint, ECF No. 6, and a response, ECF No. 7, to the prior Order, ECF No. 4. Plaintiff's in forma pauperis motion has been granted in a separate Order entered this day. Accordingly, Plaintiff's amended complaint and response have been reviewed.

The Order entered previously in this case required Plaintiff to file the amended in forma pauperis motion or pay the fee. ECF No. 4. Moreover, it required Plaintiff to file an amended complaint which honestly disclosed

all his prior cases, and to show good cause for his failure to list his full litigation history as required by the complaint form used in this Court. ECF No. 4.

In response, Plaintiff indicates that he did not intentionally omit listing all of his cases in the original complaint, but he "misunderstood" question C. ECF No. 7 at 2. Plaintiff also said he could not perform adequate research in the law library to list his litigation history due to the coronavirus pandemic. *Id.* Plaintiff said he did not willfully fail to disclose all his prior civil cases, but said that his litigation history "was unknown to him at the time" of case initiation. *Id.* He also added that he was "of the opinion that Court could take judicial notice of Plaintiff's litigation history . . . ." *Id.*

The complaint form requires prisoner litigants to disclose their history for numerous reasons. Those reasons include determining if a prisoner has "three strikes" under 28 U.S.C. § 1915(g),[1] whether the action is barred by res judicata because he already litigated the claim, and the like. Knowing that a plaintiff is a frequent litigator and has a certain level of

---

[1] A prisoner is not entitled to in forma pauperis status if the prisoner has had three prior actions or appeals "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

sophistication due to his experience is also beneficial to know. For example, if a plaintiff has never filled out a complaint form before, he may not understand certain questions, and that inexperience should be taken into consideration.

Here, the initial complaint form submitted by Plaintiff was not his first civil case; he is not an inexperienced litigant. Question C of the form asks whether the plaintiff has "initiated other actions (besides those listed above in Questions (A) and (B)) in either state or federal court that related to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" ECF No. 1 at 4. Plaintiff checked "No." The question was straight forward, easily understandable, and Plaintiff's answer was incorrect. Plaintiff's assertion that he did not understand the question is not well taken.

The fact that the Court can also confirm how many cases a prisoner has filed previously does not relieve a plaintiff from the requirement to honestly disclose all prior cases. "The time spent verifying the cases a

plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable." Easley v. Inch, No. 5:18cv148-TKW-MJF, 2019 WL 4926380, at *4 (N.D. Fla. July 22, 2019), report and recommendation adopted, No. 5:18cv148-TKW-MJF, 2019 WL 3774617 (N.D. Fla. Aug. 12, 2019).  Plaintiff was well aware that he had filed more cases than he was acknowledging, and the inability to do research in a law library is not a sufficient basis for failing to list prior cases filed.  Even if Plaintiff was unable to list every case filed, he was obligated to at least advise the Court that he had filed more than one case.  Plaintiff did not do so; he simply said that he had not filed any other cases.  A list of all Plaintiff's prior cases should be maintained in Plaintiff's property, not just in the law library as a matter of legal research.

Plaintiff was also obligated to advise that he had previously had a case dismissed on the grounds that it was "frivolous, malicious, failing to state a claim, or prior to service." See ECF No. 1 at 4.  Plaintiff responded to that question in the initial complaint by stating "unknown."  That is not an acceptable response, nor was it correct.

In Plaintiff's initial complaint, he acknowledged filing only one prior state court action in October of 2019; he said he had not filed any other

actions in federal court relating to his incarceration or the conditions of his confinement. ECF No. 1 at 3-4. His complaint was signed under penalty of perjury. *Id.* at 9. Finding that incorrect, the prior Order required Plaintiff to honestly disclose his prior litigation history and any case dismissed as a "strike." ECF No. 4 at 3.

Plaintiff's amended complaint now acknowledges having previously filed a case in the Southern District of Florida which was dismissed as a "strike" under § 1915(g). ECF No. 6 at 17. Plaintiff also acknowledges having filed another lawsuit which dealt with the "same facts or issue involved in this case" and he cites to a state court case filed in October 2019 and dismissed in February 2020. *Id.* at 17-18. Plaintiff lists five other cases filed in state court (one is still pending in the Florida First District Court of Appeal), two federal habeas cases, and one appeal to the Eleventh Circuit. *Id.* at 17-19.[2] That list, however, is still incomplete.

---

[2] Plaintiff acknowledged having filed these four federal cases: (1) case # 1:10cv24624, Sneed v. Florida D.O.C., a § 2254 habeas petition filed in the Southern District of Florida on 12/27/2010, and dismissed on 10/31/2011; (2) case # 11-15535, filed in the Eleventh Circuit, challenging the dismissal of 1:10cv24624; (3) case # 1:14cv21414, a successive § 2254 petition; and (4) case 1:11cv23774, Sneed v. Rodriguez, et al, filed in the Southern District of Florida on 10/17/2011, dismissed as a "strike" on 07/11/2012.

Case No. 4:20cv385-AW-MAF

Judicial notice is taken of the following cases filed by Plaintiff[3] which were not disclosed:

(1) case 1:05cv22903, Sneed v. State of Florida, a § 2254 petition filed in the Southern District of Florida on 11/08/2005, and dismissed on 2/22/2006.

(2) case 1:08cv21415, Sneed v. Pan American Hospital, et al., a civil rights action filed in the Southern District of Florida on 5/22/2008, and dismissed on 9/10/2009 pursuant to § 1915(e)(2)(B)(ii) for failing to state a claim.
- Plaintiff did not report this as a § 1915 dismissal

(3) case 09-14697-BB - Plaintiff's appeal of case 1:08cv21415; the Eleventh Circuit affirmed the dismissal of his claims

(4) case 10-15530 - Plaintiff's appeal of the denial of his Rule 60(b) motion; the Eleventh Circuit also affirmed.

(5) case 1:11cv20855, Sneed v. Pan American Hospital, et al., a civil action removed from state court on 3/11/2011, and remanded back to state court on 9/09/2011.

(6) case 1:14cv20605, Sneed v. State of Florida, an unauthorized, successive habeas petition filed in the Southern District of Florida on 02/18/2014, dismissed on 05/30/2014

Moreover, Plaintiff did not disclose that he also filed three additional petitions in 2015 in the Eleventh Circuit Court of Appeals seeking permission to file successive habeas petitions.  *See* case # 15-11337, case

---

[3] The Court has confirmed that each case listed was filed by the Plaintiff in this case, Timothy Sneed, whose D.O.C. # is M29612.

Case No. 4:20cv385-AW-MAF

# 15-13781, and case # 15-14562.  Furthermore, although Plaintiff acknowledged that he had one case dismissed as a "strike," he did not disclose the fact that he filed an appeal of that case.  In case number 12-14525-DD, the Eleventh Circuit Court of Appeals affirmed the dismissal of his § 1983 action based on Heck v. Humphrey, 114 S. Ct. 2364 (1994) and 28 U.S.C. § 1367.

Plaintiff's litigation history is significant; thus, Plaintiff was well aware that he did not honestly disclose all cases in his initial complaint.  More importantly, after being advised to disclose all prior cases, he still failed to do so in his amended complaint.  A warning note on the complaint form advises litigants that the "[f]ailure to disclose all prior cases may result in the dismissal of this case."  ECF No. 6 at 19.

The Eleventh Circuit has held that a district court does not abuse its discretion by dismissing a complaint "based on Plaintiff's misrepresentation of his litigation history."  Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 225 (11th Cir. 2011) (affirming the dismissal as "abuse of judicial process").  The Court concluded that where it is found that "the plaintiff engaged in bad faith litigiousness or manipulative tactics," such action "warrants dismissal."  Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.

1997) (quoted in Redmon, 414 F. App'x at 225); *see also* Wynn v. Postal Serv., 735 F. App'x 704, 705 (11th Cir. 2018) (finding "[t]he district court did not abuse its discretion in dismissing Wynn's complaint for abuse of judicial process").

Plaintiff knew, or from reading the complaint form should have known, that disclosure of all prior actions was required and that dismissal of the action may result from untruthful answers. Plaintiff should also have known from the prior Order entered in this case the importance of fully and honestly disclosing his prior litigation history. If a prisoner litigant suffered no penalty for untruthful responses, there would be no incentive for him to keep track of, and accurately disclose, his litigation history.

> If the form is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons.

Washington v. Mollroy, No. 5:09cv35-RH-MD, 2009 WL 1404729, at *1 (N.D. Fla. May 19, 2009). This case should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's amended complaint, ECF No. 6, be **DISMISSED** without prejudice as a sanction for Plaintiff's

Case No. 4:20cv385-AW-MAF

abuse of the judicial process in not providing true factual statements about his prior litigation pursuant to 28 U.S.C. § 1915(e)(2)(B), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on September 23, 2020.

S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:20cv385-AW-MAF