## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**TIMOTHY SNEED,**

     **Plaintiff,**

**v.**                        **Case No. 4:20-cv-385-AW-MAF**

**MARK S. INCH, et al.,**

     **Defendants.**

_____/

## ORDER OF DISMISSAL

The magistrate judge has recommended dismissal based on Plaintiff's failure to properly disclose his prior litigation. Plaintiff filed this action on a civil rights complaint form, which asked (among other things) whether Plaintiff had ever "initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action." ECF No. 1 at 3 (Question A). Plaintiff disclosed one case, filed in October 2019. *Id.* The form then asked the same question regarding cases filed in federal court. *Id.* (Question B). Plaintiff answered "no." *Id.* Additionally, the form asked whether Plaintiff had

> initiated other actions *(beside those listed above in Questions (A) and (B))* **in either state or federal court** that relate to the fact or manner of [his] incarceration (including habeas corpus petitions) or the conditions of [his] confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

*Id.* at 4 (Question C). Plaintiff again answered "no," and then declared under penalty of perjury that everything in his complaint was true. ECF No. 1 at 4, 9. But his disclosures were incomplete.[1]

The magistrate judge issued an order directing plaintiff to show cause why his complaint should not be dismissed based on this failure to provide correct information. ECF No. 4.[2] Plaintiff responded, saying he misunderstood the questions, ECF No. 7, and the magistrate judge recommended that the case be dismissed "as a sanction for Plaintiff's abuse of the judicial process." ECF No. 9 at 8-9. Plaintiff objects to the magistrate judge's Report and Recommendation, offering two inadequate and conflicting explanations for his failure to disclose. ECF No. 10. First, he again says he misunderstood the question and thought it sought information only about cases directly relating to the precise issue he now pursues. As the magistrate judge correctly points out, the question was not complicated and clearly

---

[1] Although Plaintiff's amended complaint did list additional cases (including one dismissal he acknowledges counted as a "strike" under 28 U.S.C. § 1915), the magistrate judge identified multiple additional cases that should have been disclosed. At a minimum, Plaintiff should have disclosed two habeas petitions filed in the Southern District of Florida in 2005 and 2014. *See* ECF No. 9 at 6 (citing *Sneed v. State of Florida*, No. 1:05-cv-22903 (S.D. Fla. 2005); *Sneed v. State of Florida*, 1:14-cv-20605 (S.D. Fla. 2014).

[2] Additionally, the order required Plaintiff to either amend his *in forma pauperis* motion or pay the filing fee. Plaintiff did amend his *in forma pauperis* motion, ECF No. 5, which the magistrate judge granted, ECF No. 8.

sought a much broader category of cases.[3] And as the magistrate judge also points out, Plaintiff is an experienced litigator, having filed many cases, so the suggestion that he misunderstood that question is not well taken. Second, Plaintiff says he did not disclose all of his cases because he did not have the details on all of them because he didn't have access to the law library. Of course, if he understood the question to require no disclosure of his other cases, he would have no need for the law library or his other records. In other words, his second excuse undermines his first. And while it is certainly plausible—given his volume of litigation—that he could not recall details of every action he ever filed, that would not justify the answer he provided. Instead, he could have (and should have) indicated that he has filed other cases and provided whatever detail he did have.[4] In short, I agree with the magistrate judge that Plaintiff has not justified his initial failure. Additionally, I find there is no lesser sanction available that would adequately correct Plaintiff's misconduct. *See Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *see also Washington v.*

---

[3] Although Questions A and B asked only about cases "dealing with the same or similar facts/issues," Question C asked about a much broader category of cases and specifically asked Plaintiff to list cases not covered by the first two questions.

[4] *Cf. Harris v. Warden*, 498 F. App'x 962, 965 (11th Cir. 2012) ("Although Harris asserted in his motion for the district court to take notice of his prior actions that he did not have access to his court files or the online docket, he made no attempt to disclose any information regarding his prior cases in his complaints, simply writing or checking 'No' or 'Not Applicable' under all of the relevant questions. Thus, the district court's finding of Harris's affirmative misrepresentation was not clearly erroneous.").

*Mollroy*, No. 5:09cv35-RH-MD, 2009 WL 1404729, at *1 (N.D. Fla. May 19, 2009) ("If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose. And word does get around the prisons.").

Having considered the September 23, 2020, Report and Recommendation (ECF No. 9), and having considered de novo the issues raised in Plaintiff's objections (ECF No. 10), I now accept the Report and Recommendation and agree the case should be dismissed. The clerk will enter a judgment that says, "This case is dismissed without prejudice for abuse of the judicial process." The clerk will then close the file.

SO ORDERED on October 23, 2020.

*s/ Allen Winsor*
United States District Judge

4